[No. 14853.   Department Two.   February 14, 1919.]

S. RAYBURN *et al., Respondents,* v. STEWART-CALVERT
COMPANY, *Appellant.*[1]

MINES AND MINERALS (17)—SALE OF CLAIMS—RIGHTS OF PUR-
CHASER.  Unlawful detainer does not lie against the lessee of mining
claims which had acquired a contract to purchase the claims, sub-
ject to the payment of royalties under the lease, and had consum-
mated the contract according to its terms paying the full price to a
bank to await patent and deed; as it was entitled to possession as
owner, subject to payment of the royalties.

SAME.  In such a case, the fact that the lessee had sought to
acquire title from another source, is immaterial, where it waived its
right to a United States patent through the owner, and the purchase
price was on deposit in the bank to be paid on execution of a deed.

Appeal from a judgment of the superior court for
Okanogan county, Truax, J., entered January 8, 1918,
upon findings in favor of the plaintiffs, in an action
of unlawful detainer, tried to the court.  Reversed.

*J. H. Templeton* and *P. D. Smith,* for appellant.

*Mulligan & Bardsley* and *E. A. Williams,* for re-
spondents.

MOUNT, J.—This action was brought for unlawful
detainer.  The defense was made upon the ground
that the defendant was holding the property under a
consummated contract of purchase, and for that rea-
son unlawful detainer could not be maintained.  The
action is based upon the facts stated in *Rayburn v.
Stewart-Calvert Co., ante* p. 570, 178 Pac. 454.  It
was stipulated that the facts in that case should con-
trol the judgment in this case.  On a trial of the case,
the court concluded that the appellant was holding un-
der the lease; that, by reason of the fact that the

[1] Reported in 178 Pac. 455.

rental had not been paid after the 28th day of July, 1916, and notice to pay rent or quit had been served upon the appellant, ·therefore appellant was holding unlawfully.

It appears that the appellant paid into the bank the full purchase price of the mining claims, namely, $8,000. The bank notified the respondents that the money was there and would be paid by the bank to respondents when they executed a deed and delivered a patent from the United States Government, as provided in the contract of sale. The respondents have never tendered the deed nor a patent, nor have they requested that the money be paid to them. Upon the trial of the case, the president of the bank testified that the money would be paid at any time when the deed and patent were delivered. We have held in the action for rent upon the lease that the respondents are entitled to their rent or royalties for the two-year term of the lease by reason of the contract of sale to that effect; but it seems clear that, upon the contract of purchase, where payment has been made and appellant has fully complied with the terms of that contract, it is entitled to possession of the property, not as lessee, but as purchaser. It is true the appellant went into possession of the property as lessee, but afterwards its predecessor made a contract of purchase from respondents, which contract has· been fully complied with on the part of the appellant. Payment has been made as provided in the contract. It seems, therefore, that appellant is entitled to hold possession under its contract of purchase, subject only to the right of respondents to collect the royalty agreed upon. ·It was stipulated at the oral argument that the appellant would waive the patent from the United States Government and receive the deed of the re-

spondents to the mining property. Under these circumstances we are quite clear that an action for unlawful detainer may not be maintained. It was argued in the court below—and the same contention is made here—that the appellant sought to obtain title from another source. The record shows that there was an application by the appellant for a patent by reason of the claim of third parties to an interest in the mining claims; but even if that interest should be acquired by appellant, we are satisfied that would not avoid the contract between appellant and respondents. It would still be the duty of the appellant, in view of its waiver of the right to a United States patent, to pay the purchase price to the respondents as agreed.

There is some contention also that the bank did not have the $8,000 in money from the appellant to pay the purchase price. The president of the bank, however, testified that he had become obligated to pay the $8,000 and that the money was there in the bank for that purpose; so it is immaterial whether, as between the bank and the respondents, the money is the property of the bank or of the appellant.

We are satisfied, therefore, that the trial court erred in entering judgment of unlawful detainer against the appellant.

The judgment is reversed, and the cause remanded with instructions to dismiss the unlawful detainer action.

MAIN, FULLERTON, PARKER, and HOLCOMB, JJ., concur.